Jephunneh LAWRENCE, Appellant,

v.

Charles A. BOWSHER, Comptroller
General of the United
States, Appellee.

No. 84–5443.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 14, 1990.

Decided May 10, 1991.

Rehearing and Rehearing En Banc Denied
June 13, 1991.

Jephunneh Lawrence, appellant pro se.

Michael J. Ryan, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates, and R. Craig Lawrence, Asst. U.S. Attys., were on the brief, for appellee.

Before BUCKLEY, D.H. GINSBURG, and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

Jephunneh Lawrence, an attorney employed by the General Accounting Office from 1976 to 1977, brought a discrimination suit against the GAO and other defendants, under various civil rights statutes including 42 U.S.C. § 1981. Lawrence represented himself during the first several years of the litigation. He later engaged outside counsel, who successfully settled the case, winning payment of both the underlying claim and of their fees.

Seeking compensation for his earlier pro se representation, Lawrence applied to the district court for an award of "attorney's fees" under the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988, which authorizes fee awards to plaintiffs prevailing on claims under § 1981 and other civil rights provisions. The district court denied the application, *Lawrence v. Staats*, 586 F.Supp. 1375 (D.D.C.1984), and Lawrence appealed. The case was fully briefed but not argued when, after four years, the court referred it from the original panel to this one and the parties filed new briefs.

In rejecting Lawrence's application for fees, the district court gave two alternative grounds. First, the court held that § 1988 does not authorize an award of attorney's fees to an attorney who represents himself. *Id.* at 1378–80. Second, the court held that, even if fees could be awarded under the statute, "special circumstances" preclude an award to Lawrence in this case. *Id.* at 1380–82. *See Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (under § 1988, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust") (citations and internal quotation marks omitted). Lawrence had devoted substantial effort to defeating the GAO's defense that his claim was subject to the administrative exhaustion requirement of Title VII of the Civil Rights Act of 1964. Lawrence succeeded only by convincing this court that Title VII did not cover excepted employees of the GAO until 1980. *See Lawrence v. Staats*, 640 F.2d 427 (D.C.Cir.), *reh'g denied*, 665 F.2d 1256 (D.C.Cir.1981). The district court refused to attribute to the prosecution of his successful § 1981 claim the time that Lawrence devoted to defeating that defense, because Lawrence's litigation position "failed to advance the public benefit ... and was positively harmful to the civil rights of others." 586 F.Supp. at 1381.

■ We vacate the district court's opinion insofar as it relies upon "special circumstances" as an alternative ground for denying an award of attorney's fees. A district court may not deny fees to a prevailing plaintiff simply because his litigating position, although a correct interpretation of the law, does not comport with the court's vision of "a position that would, in a broad sense, protect civil rights." *Id.* at 1380. A plaintiff who prevails in an action brought under a qualifying civil rights statute, or a defendant who successfully defends against a frivolous action, *see Hensley v. Eckerhart*, 461 U.S. at 429 n. 2, 103 S.Ct. at 1937 n. 2, is entitled to reasonable attorney's fees independent of the district court's view of the greater good for the greater number. *See, e.g., J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1474 (10th Cir.1985) (attorney's fees not to be denied under § 1988 "merely because the action provided a private benefit to the plaintiff rather than a public benefit to a class of similarly situated persons"); *Wheatley v. Ford*, 679 F.2d 1037, 1040 (2d Cir.1982). *See also Herrington v. County of Sonoma*, 883 F.2d 739, 744–45 (9th Cir. 1989) (disapproving contrary authority as undermined by *Hensley* and other cases); *Hatfield v. Hayes*, 877 F.2d 717, 720 (8th Cir.1989) (citing *Wheatley* ).

■ Special circumstances aside, is an attorney-litigant eligible under § 1988 to recover "attorney's fees" for his self-representation? After we heard oral argument in the present case, the Supreme Court granted certiorari in *Kay v. Ehrler*, 900 F.2d 967 (6th Cir.1990), *cert. granted*, —— U.S. ——, 111 S.Ct. 38, 112 L.Ed.2d 15 (1990), in order to resolve just that question. On April 16, 1991, the Court, noting that § 1988 is intended to "ensur[e] the effective prosecution of meritorious claims," and that this policy "is better served by a rule that creates an incentive to retain counsel in every such case," held that § 1988 does not permit an award of attorney's fees to a pro se litigant, attorney or not. *Kay v. Ehrler*, —— U.S. ——, 111 S.Ct. 1435, 1438, 113 L.Ed.2d 486.

Solely, therefore, upon the ground upheld in *Kay v. Ehrler*, the judgment of the district court is

*Affirmed.*