Sarah KATTAN, By Her Parents and Next Friends Susan J. THOMAS and Joseph Kattan, et al., Appellees and Cross–Appellants,

v.

DISTRICT OF COLUMBIA, et al., Appellants and Cross–Appellees.

Nos. 92–7011 and 92–7012.

United States Court of Appeals, District of Columbia Circuit.

Argued April 7, 1993.

Decided June 15, 1993.

As Amended June 30, 1993.

Donna M. Murasky, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the brief, for appellants/cross-appellees.

Patricia D. Douglass, Washington, DC, for appellees/cross-appellants.

Before MIKVA, Chief Judge; D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed by Chief Judge MIKVA.

Opinion concurring in part and dissenting in part filed by Circuit Judge D.H. GINSBURG.

MIKVA, Chief Judge:

Appellants Sarah Kattan and her parents prevailed in a suit against the District of Columbia under the Education for All Handi-

capped Children Act. 20 U.S.C. §§ 1400–1485. They subsequently applied to the district court for attorneys' fees based on the fee-shifting provision of the Handicapped Children's Protection Act. 20 U.S.C. § 1415(e)(4)(B). They requested fees for the services provided by their attorney, Ms. Patricia Douglass, as well as those provided by Mr. Kattan himself, a lawyer who served as co-counsel to Ms. Douglass. The District of Columbia did not question Mr. Kattan's entitlement to fees, and, approximately three years later, the district court issued a fee award which reflected the labors of both Mr. Kattan and Ms. Douglass.

In the period between the Kattans' fee request and the district court's award, the Supreme Court decided *Kay v. Ehrler,* — U.S. ——, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), in which it held that an attorney representing himself in a civil rights action was not eligible for attorneys' fees. Two weeks after the district court issued the fee award, the District of Columbia filed a motion in district court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, requesting that the court eliminate the fees for Mr. Kattan's services, in light of *Kay v. Ehrler.* The district court rejected this motion.

The District of Columbia appeals the district court's award of fees for Mr. Kattan, arguing that *Kay v. Ehrler* compels a contrary result. In a cross-appeal, the Kattans challenge the district court's decision to award fees for Ms. Douglass at a rate of $125 per hour, instead of the $150 per hour that the Kattans requested. For the reasons explained below, we uphold the district court's fee award in all respects.

## I. BACKGROUND

Mr. Joseph Kattan and Ms. Susan J. Thomas, the parents of Sarah Kattan, filed a suit on Sarah's behalf in district court against the District of Columbia. The Kattans alleged that the District had placed Sarah, a disabled child, in a school that was inappropriate under the Education for All Handicapped Children Act ("EHA"), 20 U.S.C. §§ 1400–1485. Initially, Mr. Kattan, an attorney, represented his family. Later, at the

urging of the district court, he secured Ms. Patricia Douglass as co-counsel.

The district court ultimately held for the Kattans, on August 9, 1988. It determined that Sarah would not receive all of the services guaranteed to her by the EHA at the school to which the District had assigned her, and it ordered the District to place her at a private school at public expense. Soon thereafter, on October 11, 1988, the Kattans filed an application for attorneys' fees for both Mr. Kattan and Ms. Douglass, under the relevant provision of the Handicapped Children's Protection Act ("HCPA"), 20 U.S.C. § 1415(e)(4)(B) ("In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardians of a handicapped child or youth who is the prevailing party.") The District promptly filed an opposition to the application in which it argued that the amounts requested were too high. The District did not, however, contest the right of an attorney representing himself and his child to receive a fee award under the statute.

It was not until nearly three years later, on October 17, 1991, that the district court finally entered an order awarding fees of $38,000 to Ms. Douglass and $43,050 to Mr. Kattan. In the interim, on April 16, 1991, the Supreme Court had decided *Kay v. Ehrler,* in which the Court ruled that attorneys' fees may not be awarded to attorneys representing themselves in civil rights actions under the fee provision of 42 U.S.C. § 1988 ("[T]he court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.").

On October 31, 1991, the District of Columbia filed a motion in the district court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the October 17 order awarding attorneys' fees. In the motion, the District contended, for the first time, that a *pro se* litigant who is also a lawyer is not eligible for attorney's fees under the HCPA. The District argued that the Supreme Court's reasoning in *Kay v. Ehrler,* as to 42 U.S.C. § 1988, required the district

court to reverse its decision to award attorney's fees to Mr. Kattan under the analogous fee provision of the HCPA. The district court, however, denied the motion on December 11, 1991, holding that the District of Columbia had waived the issue of Mr. Kattan's entitlement to fees by not raising it before the district court awarded fees on October 17, 1991.

The District of Columbia appeals the district court's orders of October 17 and December 11, 1991, insofar as they award attorney's fees to Appellees for time expended on the case by Mr. Kattan. The Kattans, in turn, issue a cross-appeal against the October 17 order to the extent that it limits attorney's fees for Ms. Douglass' services to the rate of $125 per hour, instead of the requested $150 per hour.

## II. ANALYSIS

### A. Mr. Kattan's Entitlement to Attorney's Fees

The HCPA provides, "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of costs to the parents or guardian of a handicapped child or youth who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B). The District asserts that, in light of *Kay v. Ehrler*, an attorney representing himself is not eligible for a fee award under the HCPA. We do not find it necessary to consider this issue. We agree with the district court that the District of Columbia waived its argument against the availability of fee awards to *pro se* litigants by failing to raise it in 1988 in its original opposition to the Kattans' motion for fees.

█ The District of Columbia claims that the district court erred by rejecting its Rule 59(e) motion to alter or amend the judgment awarding fees to Mr. Kattan. In that motion, the District asserted that *Kay v. Ehrler* represented a change of law that it could not reasonably have anticipated, and that the Supreme Court decision required the district court to retract its award of fees for Mr. Kattan's services. The district court held that *Kay* was not an unanticipated change in the law and that the District had therefore

waived its argument against Mr. Kattan's entitlement to attorney's fees by not raising it before judgment.

We affirm the district court's finding of a waiver. In analogous circumstances, this Court has recognized that a losing party may not use a Rule 59 motion to raise new issues that could have been raised previously.

> Ordinarily Rule 59 motions for either a new trial or a rehearing are not granted by the District Court where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings.

*Grumman Aircraft Engineering Corp. v. Renegotiation Board*, 482 F.2d 710, 711 (D.C.Cir.1973), *overruled on different grounds*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975). *See also Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986) (Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued.").

In 1988, when it opposed the Kattans' application for attorneys' fees, the District of Columbia could have proffered a legitimate argument that such fees were not available to *pro se* litigants under the HCPA. Although the Supreme Court did not decide *Kay* until 1991, there was no reason in 1988 for the District of Columbia to assume that this Circuit had conclusively confirmed the availability of a fee award to a *pro se* litigant in an EHA suit or other civil rights case.

At the time, the only binding precedent in our Circuit on the issue of fee awards to lawyers representing themselves related to the fee-shifting provision of the Freedom of Information Act ("FOIA"). *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977). That decision held that attorneys acting *pro se* could receive fees under FOIA. *Id.* at 1366. However, much of the Court's reasoning in that decision related specifically to the "policy considerations underlying FOIA." *Id.* Consequently, the District of Columbia had no basis to believe that *Cuneo* settled the HCPA question. If the District wished to claim that

Mr. Kattan was ineligible for attorney's fees under the HCPA, it should have attempted to distinguish *Cuneo* from the present case in the district court. Such an argument would have been far from frivolous.

Indeed, in 1984, similarly situated litigants, the defendants in a civil rights action, argued, despite this Circuit's decision in *Cuneo*, that a lawyer representing himself was not entitled to attorney's fees under 42 U.S.C. § 1988. *Lawrence v. Staats,* 586 F.Supp. 1375 (D.D.C.1984), *aff'd sub nom. Lawrence v. Bowsher,* 931 F.2d 1579 (D.C.Cir.1991) (on the grounds stated by *Kay v. Ehrler*). Not only did the defendants in *Lawrence* raise this issue—the district court agreed with them. Judge Flannery, in a well-reasoned opinion, explicitly distinguished cases permitting *pro se* attorneys' fees in FOIA suits from cases dealing with fee-shifting in civil rights actions. He cited a series of cases from other circuits holding that *pro se* plaintiffs were not entitled to attorneys' fees under § 1988, and he stated:

> The court finds the statutory analysis and reasoning of these cases persuasive, and does not believe that this Circuit's allowance of attorney fees to *pro se* litigants in FOIA cases changes the analysis, since the intent of Congress and purpose of FOIA and its fee provisions differ significantly from the intent and purposes of §§ 1988 and [42 U.S.C. §] 2000e–5(k).

*Id.* at 1379.

In the present case, the District of Columbia was in a better position than were the defendants in *Lawrence* to realize that a challenge to a *pro se* plaintiff's attorney's fees might succeed, for the District could look to *Lawrence* itself as an example. It is also worth noting that the Kattans flagged the issue in a footnote in their application for fees. Nevertheless, in its opposition to the Kattans' application, the District chose not to raise the question of the availability of fees for *pro se* litigants. We therefore agree with the district court that the District of Columbia waived the issue of Mr. Kattan's eligibility for fees by not raising it in a timely manner. The district court clearly did not abuse its discretion by denying the District's Rule 59(e) motion.

Alternatively, the District of Columbia asserts that we should, in light of the change in law brought about by *Kay v. Ehrler,* use our power under 28 U.S.C. § 2106 to review the issue of a *pro se* litigant's eligibility for fees. That section states, "The Supreme Court or any other court of appellate jurisdiction may ... vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review and direct the entry of such appropriate judgment, decree or order ... as may be just under the circumstances."

The District is correct that although we do not ordinarily pass on issues that a party failed to raise in a timely fashion in the district court, we sometimes do review such issues when a supervening decision changes the law in the appellant's favor. On occasion, courts of appeals have justified this practice partly on the basis of 28 U.S.C. § 2106. *See, e.g., Pendergrast v. United States,* 416 F.2d 776, 780–81 & n. 19 (D.C.Cir.1969), *cert. denied,* 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969). More often, appeals courts seem to have relied primarily on their intrinsic powers to achieve a just resolution. The Supreme Court noted long ago:

> We have frequently held that in the exercise of our appellate jurisdiction we have power not only to correct error in the judgment under review but to make such disposition of the case as justice requires. An in determining what justice does require, the Court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered.

*Patterson v. Alabama,* 294 U.S. 600, 607, 55 S.Ct. 575, 578, 79 L.Ed. 1082 (1935). *See also, Hormel v. Helvering,* 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941) ("[Our decisions], while recognizing the desirability and existence of a general practice under which appellate courts confine themselves to the issues raised below, nevertheless do not lose sight of the fact that such appellate practice should not be applied where the obvious result would be a plain miscarriage of justice."); *Leary v. United States,* 395 U.S. 6, 27–28, 89 S.Ct. 1532, 1543–44, 23

L.Ed.2d 57 (1969); *United States v. Byers,* 740 F.2d 1104, 1115–16 n. 11 (D.C.Cir.1984).

In each of the cases cited above, the intervening decision enunciated a new legal principle that was previously unavailable to the appellant, for all practical purposes. The present case, on the other hand, does not fit this paradigm. As we explained above, the District of Columbia could have validly disputed Mr. Kattan's entitlement to fees before the Supreme Court decided *Kay v. Ehrler.* Absent "exceptional circumstances," the court of appeals is not a forum in which a litigant can present legal theories that it neglected to raise in a timely manner in proceedings below. *See Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor v. Edward Minte Co.,* 803 F.2d 731, 736 (D.C.Cir.1986). No such exceptional circumstances exist in this case.

## B. Ms. Douglass' Rate

In a cross-appeal, the Kattans allege that the district court abused its discretion by awarding them attorney's fees for Ms. Douglass' work at a rate of $125 per hour. The district court set Ms. Douglass' rate at this amount, despite the fact that the Kattans submitted a declaration stating that Ms. Douglass' normal billing rate in her private practice was $150 per hour. For the reasons stated below, we uphold the district court's calculation of fees for Ms. Douglass' services.

The HCPA provides that "fees awarded under this subsection shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(e)(4)(C). Both parties agree that an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). The parties disagree as to whether the district court was justified, under this principle, in setting Ms. Douglass' rate at $125 instead of her normal billing rate of $150.

A district court's discretion as to the proper hourly rate to award counsel should not be upset absent clear misapplication of legal principles, arbitrary fact finding, or unprincipled disregard for the record evidence. *King v. Palmer,* 950 F.2d 771, 786 (D.C.Cir.1991) (*en banc*), *cert. denied,* —— U.S. ——, 112 S.Ct. 1290, 117 L.Ed.2d 514 (1992) & —— U.S. ——, 112 S.Ct. 3054, 120 L.Ed.2d 920 (1992). No such problems exist in the district court's fee award. The district court applied the law correctly and considered all the available evidence in setting the disputed rate.

The following evidence was available for the district court to consider when it established Ms. Douglass' rate: (1) an affidavit submitted by Ms. Douglass, stating her standard rate of $150 per hour and summarizing her education and experience; (2) a declaration by a local expert retained by the Kattans, setting out broad ranges of fees generally charged by attorneys with various levels of experience in Washington, D.C.; and (3) reports of similar cases in which fees were awarded for comparable work.

In its opposition to the Kattans' application for attorneys' fees, the District suggested that the district court award Ms. Douglass' fees at $75 per hour, the same rate awarded in *Stebbing v. District of Columbia,* another EHA case. C.A. No. 86–2549 (D.D.C. March 2, 1988). The district court, however, refused to set the rate at $75 per hour, because in *Stebbing* "the litigation was not very complicated." On the other hand, the district court noted that "other analogous decisions in this circuit have awarded attorneys' fees of $125 for partner time." The court specifically referred to *Moore v. District of Columbia,* 674 F.Supp. 901 (D.D.C.1987), an EHA case handled by a leading EHA firm in the District. The district court further noted that the plaintiffs had failed to cite a single case in which the fee award was greater than $125.

"In light of the relevant case law and the affidavits submitted by Ms. Douglass," the district court reasonably determined that $125, a figure within the expert's range for attorneys with Ms. Douglass' experience, was the prevailing community rate for Ms. Doug-

lass' services. In setting the fee, the district court considered Ms. Douglass' professional history, the complexity of the case, and the fees awarded in similar cases to attorneys with similar experience. Nothing more was required. Keeping sight of the deference which we owe the district court's fee determinations, we find no reason to overturn the district court's decision.

Finally, the Kattans contend that the district court erred by failing, when establishing Ms. Douglass' rate, to take into account a subparagraph of the HCPA, 20 U.S.C. § 1415(e)(4)(G). That subparagraph provides that the court should not reduce attorneys' fees that "unreasonably exceed[ ] the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, experience, and reputation," as it is required to by § 1415(e)(4)(F)(ii), if it finds that "the State or local educational agency unreasonably protracted the final resolution of the action or proceeding."

In 1988, the Kattans, asserting that the District had unreasonably protracted the litigation, moved for sanctions against the District under 20 U.S.C. § 1415(e)(4)(G), as well as under 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure. The Kattans argued in their supporting memoranda that the District's dilatory tactics warranted a greater fee award than that permitted under the HCPA's basic fee-shifting provision.

The Kattans contend that the district court neglected to consider their § 1415(e)(4)(G) claim. In its order of October 1, 1991, the district court expressly rejected the Kattans' motion for sanctions, stating that "[a]lthough defendants' conduct in this case was far from exemplary, it does not rise to the level of conduct necessary for the imposition of sanctions under Fed.R.Civ.P. 11 or 28 U.S.C. § 1927." Although the district court did not explicitly mention § 1415(e)(4)(G), it implicitly rejected the Kattans' claim under that provision as well, since the Kattans relied on all three provisions in the same motion. In any case, the court clearly made findings as to the blameworthiness of the District's conduct sufficient to reject the Kattans' § 1415(e)(4)(G) claim. We are in no position to second-guess the district court's judgment as to whether the District of Columbia's tactics were unreasonable enough to warrant the award of extra fees.

## III. CONCLUSION

Because the District of Columbia did not contest Mr. Kattan's entitlement to attorney's fees in its original opposition to the Kattans' application for fees, we find that the District waived the issue and cannot raise it for the first time on appeal. We further hold that the district court was justified in setting Ms. Douglass' fees at $125 per hour. We therefore uphold the district court's fee award in all respects.

*It is so ordered.*

D.H. GINSBURG, Circuit Judge, concurring in part and dissenting in part:

The district court decided that *Kay v. Ehrler*, —— U.S. ——, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), in which the Supreme Court held that a *pro se* litigant is not entitled to an attorney's fee under 42 U.S.C. § 1988, does not bar the award of an attorney's fee to a *pro se* litigant under the Handicapped Children's Protection Act. The reason? Simply that "plaintiffs' motion for fees is based on the EHA, a different statutory scheme from that which formed the basis of the *Kay v. Ehrler* decision." *Kattan v. District of Columbia*, No. 88–0630 (D.D.C. December 11, 1991), slip op. at 3. This is the proverbial distinction without a difference.

The fee-shifting provision of the HCPA is practically identical to that of § 1988, and the Supreme Court has long required that similar fee-shifting provisions in federal statutes be interpreted in the same way. *See, e.g., Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n. 2, 109 S.Ct. 2732, 2735 n. 2, 105 L.Ed.2d 639 (1989) ("We have stated that fee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike"); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983) (same standards for awarding attorney's fee apply under all statutes authorizing award of fee to a "prevailing party"); *Northcross v. Board of*

*Education,* 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973) (similarity in wording of two statutory fee-shifting provisions is a "strong indication that the two statutes should be interpreted *pari passu* ").

The Court in *Kay v. Ehrler* also stated that "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." — U.S. —, 111 S.Ct. at 1437. I see no reason to think that the word "attorney" in the fee-shifting provision of § 1988 has a different meaning than it has in the fee-shifting provision of the HCPA. The district court's cursory "analysis" surely offers none.

The district court's grant of a fee for the work performed by Mr. Kattan was clearly an error. The court, however, declines to reach the merits of that question, *see* Ct.Op. at 5, holding that "the District of Columbia waived the issue of Mr. Kattan's eligibility for fees by not raising it in the district court in a timely manner." Ct.Op. at 8. I disagree.

The District of Columbia had no reason in 1988 to anticipate that the Supreme Court would in 1991 change the law of this circuit, which then authorized the district court to award an attorney's fee to a *pro se* litigant. On the contrary, the district court was clearly bound both by *Cuneo v. Rumsfeld,* 553 F.2d 1360 (D.C.Cir.1977), which held that a *pro se* lawyer was eligible for fees under the Freedom of Information Act, and by the Supreme Court's longstanding command that similarly-worded fee-shifting provisions are to be treated alike. The distinction the district court drew in *Lawrence v. Staats,* 586 F.Supp. 1375 (D.D.C.1984), between the fee provision of the FOIA and that of § 1988 ran contrary to the Supreme Court's approach. *See Lawrence v. Bowsher,* 931 F.2d 1579, 1580 (D.C.Cir.1991) (affirming "[s]olely" on the basis of intervening Supreme Court decision in *Kay v. Ehrler,* which overruled *Cuneo*). *But see* Ct.Op. at 277 (lauding the district court for "a well-reasoned opinion" in *Lawrence v. Staats* ).

It is simply unreasonable to penalize the District of Columbia for failing to have ar- gued a distinction (between the fee provision of the FOIA and that of the HCPA) that the district court would have been required to reject under Supreme Court and circuit precedent. By holding that the District waived the issue of Mr. Kattan's eligibility for fees, the court is in effect punishing a litigant for not making what would have been at the time an almost frivolous argument.

Finding no waiver of the District's objection, I respectfully dissent from the court's decision affirming the award of an attorney's fee to the *pro se* plaintiff.