**UNITED STATES of America, Appellee,**

**v.**

**Patrick BAUCUM, Appellant.**

No. 94–3040.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 12, 1995

Decided Oct. 6, 1995.

Thomas G. Corcoran, Jr., appointed by the Court, Washington, DC, argued the cause and filed the briefs for appellant.

Molly A. Meegan, Assistant United States Attorney, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher and Steven J. McCool, Assistant United States Attorneys, Washington, DC, were on the brief.

Roy W. McLeese, III, Assistant United States Attorney, Washington, DC, entered an appearance.

Before WALD, SILBERMAN and ROGERS, Circuit Judges.

PER CURIAM:

In 1993, appellant Patrick Baucum was convicted under 21 U.S.C. § 860(a), known as the "schoolyard statute," for distributing cocaine within 1,000 feet of a school. On ap-

---

peal, Baucum argues that the Supreme Court's rationale in *United States v. Lopez,* — U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), decided after Baucum's trial, exposes the schoolyard statute as an unconstitutional exercise of federal lawmaking power in violation of the commerce clause, U.S. CONST., art. I, § 8, cl. 3. The appellant raises this challenge for the first time on appeal, but argues that this circuit's supervening-decision doctrine excuses his failure to preserve his complaint at trial. Because we hold that the supervening-decision doctrine does not apply in this case, we decline to rule on an issue presented for the first time in the Court of Appeals. Accordingly, we affirm Baucum's conviction.

## I. BACKGROUND

Patrick Baucum was convicted of violating 21 U.S.C. § 860(a), which provides for twice the maximum punishment and at least twice any term of supervised release authorized by statute for a drug sale if the sale occurs within 1,000 feet of a school or 100 feet of a youth center, swimming pool, or video arcade.

At Baucum's trial, Detective Prather of the Metropolitan Police Department testified that on October 3, 1991, she purchased two plastic baggies containing an off-white rock substance from a man named "Pat" with his right arm in a sling. After the sale, the detective identified the appellant by photo, in person, and finally, at trial. The prosecution introduced corroborating evidence that a patient named Patrick Baucum had been treated for a right forearm fracture at George Washington Medical Center shortly before October 3, 1991.

At trial, the government also presented evidence that the baggies contained 52.14 grams of cocaine base, and that the apartment in which the sale took place lies within 1,000 feet of Kramer Junior High, an operating school. A jury convicted Baucum of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), for distributing 50 grams or more of crack cocaine, and § 860(a), the schoolyard statute, for selling drugs within 1,000 feet of a school. On March 1, 1994, the conviction on the first count was set aside as

a lesser offense included in the second count. Baucum received a sentence of 151 months in prison, to be followed by ten years of supervised release.

## II. DISCUSSION

Baucum now argues that the Supreme Court's decision in *Lopez* throws into question the constitutionality of the schoolyard statute under which he was convicted. In *United States v. Lopez,* — U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), the Court affirmed a Fifth Circuit decision invalidating, as exceeding the scope of the commerce clause, another provision of the Crime Control Act of 1990, Pub.L. No. 101–647, 101st Cong., 2d Sess., 104 Stat. 4789–4968, which made possession of a firearm within 1,000 feet of a school a federal offense. *See* 18 U.S.C. § 922(q). Appellant claims that the Court's rationale also invalidates § 860(a), the schoolyard drug provision.

■ We are spared inquiry into the merits of Baucum's commerce clause challenge, however, because he failed to preserve this issue for appeal. "Absent 'exceptional circumstances,' the court of appeals is not a forum in which a litigant can present legal theories that it neglected to raise in a timely manner in proceedings below." *Kattan by Thomas v. District of Columbia,* 995 F.2d 274, 278 (D.C.Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 71 (1994). Although we ordinarily will not pass on an issue a party failed to raise in the lower court, *see, e.g., Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), Baucum argues that *Lopez* constitutes a "supervening decision" as we explained that term in *United States v. Washington,* 12 F.3d 1128 (D.C.Cir.1994). We disagree.

■ In *Washington,* we explained that, under the supervening-decision doctrine, we will consider an issue not raised at trial "where a supervening decision has changed the law in appellant's favor and the law was so well-settled at the time of trial that any attempt to challenge it would have appeared pointless." *Washington,* 12 F.3d at 1139 (D.C.Cir.1994). In that case, however, we declined to apply the doctrine because we

could not say that the law at the time of trial had "appear[ed] so clear as to foreclose any possibility of success." *Id.* We recently reaffirmed this standard in *United States v. Rhodes,* 62 F.3d 1449, 1450 (D.C.Cir.1995).

 Baucum faces the same difficulty as Washington. The law in this circuit at the time of trial was *not* so clear as to render the appellant's commerce clause challenge pointless. Baucum's reliance on our supervening-decision doctrine fails for two reasons. First, neither the Supreme Court nor this circuit had definitively ruled that this statute, or even one like it, fell within Congress' commerce clause powers.[1] Thus, there was no reason for the appellant to assume at the time of trial that his challenge would be futile. *See Kattan by Thomas,* 995 F.2d at 276 (petitioner's claim not futile where circuit had not ruled on the issue); *see also Washington,* 12 F.3d at 1139 (doctrine did not apply where no court of appeals had upheld the jury instruction challenged on appeal).

Second, the Fifth Circuit's opinion in *Lopez,* which the Supreme Court ultimately affirmed, issued more than two months *prior* to Baucum's trial. Thus, the Supreme Court's rationale in *Lopez* had already been accepted by the Fifth Circuit and was therefore available to Baucum at the time of trial.[2] Without addressing the question whether *Lopez* provides *authority* for Baucum's claim, we can nevertheless determine that it cannot constitute *supervening* authority, since it was available to the appellant at trial.

### III. CONCLUSION

Because the appellant failed to raise his commerce clause challenge at trial, and the Supreme Court's intervening decision in *Lo-*

*pez* did not render a previously pointless argument legally feasible, we decline to reach the merits of Baucum's claim. Accordingly, his conviction is

*Affirmed.*

---

1. We had upheld the constitutionality of § 860(a) against equal protection and due process challenges, *United States v. Holland,* 810 F.2d 1215 (D.C.Cir.1987), but had never addressed the commerce clause claim. Only the Ninth Circuit had specifically rejected the argument the defendant put forth in this case. *See United States v. McDougherty,* 920 F.2d 569, 572 (9th Cir.1990), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991) (rejecting commerce clause challenge to statute enhancing penalty for drug sales within 1,000 feet of a school); *United States v. Thornton,* 901 F.2d 738, 741 (9th Cir.1990) (same).

2. We are unconvinced that a footnote in the Fifth Circuit's opinion, in which the court distinguished the 1,000–foot gun possession provision and the 1,000–foot drug dealing provision and suggested that the latter would survive a commerce clause challenge, rendered the commerce clause claim "unavailable" to Baucum. *See United States v. Lopez,* 2 F.3d 1342, 1366 n. 50 (5th Cir.1993), *aff'd,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).