USCA1 Opinion

 

 February 16, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1724 DOMENIC CINELLI, Plaintiff, Appellant, v. JAMES C. PETRELLA, DAVID NOURY AND JOHN DOE, Defendants, Appellees.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Robert W. Lovegreen, U.S. Magistrate Judge] _____________________  ____________________ Torruella, Chief Judge, ___________ Cyr, Circuit Judge, _____________ and Skinner,* Senior District Judge. _____________________  ____________________ Vincent A. Indeglia, with whom Michael J. Lepizzera was on brief ___________________ ____________________ for appellant. David J. Gentile for appellees.  ________________  ____________________  ____________________  ____________________ *Of the District of Massachusetts, sitting by designation. Per Curiam. Pro se plaintiff Domenic Cinelli, a former __________ ___ __ inmate at the Adult Correctional Institution in Cranston, Rhode Island, brought this civil rights action pursuant to 42 U.S.C.  1983, alleging that two prison guards, James Petrella and David Noury, entered his cell and beat him without cause. In addition to the 1983 claim, the complaint alleged pendent state-law claims for assault, battery, and intentional infliction of emotional distress. Since shortly after the complaint was filed, Cinelli has been ably represented by counsel.  The parties consented to proceed before a magistrate judge, see 28 U.S.C. 636(c); Fed. R. Civ. P. 73, and waived ___ jury trial. After a bench trial, the magistrate judge disposed of all claims on the merits, and judgment was entered for the defendants. Cinelli filed a timely motion for new trial pursuant to Fed. R. Civ. P. 59(a)(2). Following hearing, the magistrate judge denied the motion for new trial. On appeal, Cinelli challenges the denial of the motion for new trial as an abuse of discretion. See Wells Real Estate, Inc. v. Greater Lowell Bd. ___ ________________________ ___________________ of Realtors, 850 F.2d 803, 810-11 (1st Cir.), cert. denied, 488 ___________ _____ ______ U.S. 955 (1988). After careful review, we affirm the well- reasoned decision of the magistrate judge.  Cinelli first argues that the magistrate judge erred in failing to consider an equal protection claim under the Fifth and Fourteenth Amendments to the United States Constitution. The magistrate judge determined that Cinelli neither pleaded, argued, nor established an equal protection claim. The original 2 complaint, which was never amended, simply cited to 1983 and alleged that the defendants had deprived him of "a constitutional right, privilege, or immunity." Cf. Ayala Serrano v. Lebron ___ _____________ ______ Gonzalez, 909 F.2d 8, 10-12 (1st Cir. 1990) (counsel amended pro ________ ___ se 1983 complaint with specific allegations). There is no __ mention of the Fifth and Fourteenth Amendments, let alone any other constitutional basis for an equal protection claim. The Cinelli pretrial memorandum likewise failed to mention any such equal protection claim. See Roland M. v. Concord Sch. Comm., 910 ___ _________ __________________ F.2d 983, 998-99 (1st Cir. 1990) (failure to raise defense in pretrial memorandum and failure to object to pretrial order constitutes waiver), cert. denied, 499 U.S. 912 (1991).  _____ ______ In contrast, Cinelli did brief the 1983 claim (based on the Eighth Amendment right to be free from cruel and unusual punishment), as well as the pendent claims for assault, battery, and intentional infliction of emotional distress. All these claims, and none other, were tried to the magistrate judge, and it was not until those claims were rejected on the merits that Cinelli attempted to raise an equal protection claim. In these circumstances, there was no abuse of discretion in denying Cinelli the opportunity to raise an entirely new theory of recovery which should have been raised before trial. Kattan by _________ Thomas v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. ______ _____________________ 1993), cert. denied, 114 S. Ct. 1398 (1994).1 _____ ______  ____________________ 1In all events, the belated equal protection theory offered little prospect of success. Cinelli contends that Noury singled him out and "intentionally treated him differently than other 3 Cinelli also argues that the evidence unequivocally established that Petrella and Noury violated the Eighth Amendment and committed the torts of assault, battery, and intentional infliction of emotional distress. A new trial is appropriate if "the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." Conway v. Electro Switch Corp., 825 F.2d 593, 598 (1st ______ ____________________ Cir. 1987). Our review of the record, and the thorough explication provided by the magistrate judge, persuade us that there was no miscarriage of justice. Rather, the magistrate judge, as the factfinder, supportably resolved all pending claims after weighing the evidence and assessing the credibility of the witnesses.  The district court judgment is affirmed. No costs. _______________________________________ ________  ____________________ prisoners" for the sole reason that Cinelli had commenced a civil rights action against him. There was no timely allegation of invidious discrimination to support an equal protection claim. _________________ See Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 ___ ______ ______________________________________________ F.3d 341, 353-54 (1st Cir. 1995).  4