MOLECULON RESEARCH CORPORA-
TION, Plaintiff–Appellee,

v.

CBS, INC., Defendant–Appellant.

No. 87–1594.

United States Court of Appeals,
Federal Circuit.

April 5, 1989.

Rehearing Denied June 23, 1989.

Suggestion for Rehearing In Banc
Declined July 6, 1989.

J. Carter McKaig, Wilkes, Artis, Hedrick & Lane, Chartered, Washington, D.C., argued, for plaintiff-appellee. With him on the brief was Robert X. Perry, Jr. Also on the brief was W. Brown Morton, Jr., Warsaw, Va., of counsel.

Lewis H. Eslinger, Eslinger & Pelton, P.C., New York City, argued, for defendant-appellant. With him on the brief was Walter L. Pepperman, Morris, Nichols, Arsht & Tunnell, Wilmington, Del.

Before NIES and BISSELL, Circuit Judges, and NICHOLS, Senior Circuit Judge.

BISSELL, Circuit Judge.

CBS, Inc. (CBS) appeals from the judgment of the district court, *Moleculon Research Corp. v. CBS, Inc.*, 666 F.Supp. 661, 4 USPQ2d 1312 (D.Del.1987) (*Moleculon III*), finding claims 3, 4 and 5 of United States Patent No. 3,655,201 ('201) infringed by the method for restoring and solving CBS's 3x3x3 Rubik's Cube and 4x4x4 Rubik's Revenge and that CBS and its predecessor, Ideal Toy Corporation (Ideal), induced infringement of these claims by selling and instructing others in the use of these puzzles. We reverse.

BACKGROUND

In May 1982, Moleculon Research Corporation (Moleculon), as assignee of the '201 patent, sued CBS alleging infringement of claims 3–6 and 9 of the '201 patent. The '201 patent claims a composite cube puzzle composed of eight smaller cubelets and a method of play by which sets of cubes may be rotated to randomize, and then restore, a predetermined pattern on the six faces of the composite cube. Ideal's popular 3x3x3 Rubik's Cube,

two 2x2x2 variations, and 4x4x4 Rubik's Revenge puzzles are the accused infringing products.

The method claims 3–5 of the '201 patent read as follows:

3. A method for restoring a preselected pattern from sets of pieces which pieces have constantly exposed and constantly nonexposed surfaces, the exposed surfaces adapted to be combined to form the preselected pattern, which sets when in random engagement fail to display said preselected pattern which comprises:

a. engaging eight cube pieces as a composite cube;

b. rotating a first set of cube pieces comprising four cubes about a first axis;

c. rotating a second set of four cubes about a second axis; and

d. repeating steps (b) and (c) until the preselected pattern is achieved.

4. The method of claim 3 which includes rotating sets of cubes about one of three mutually perpendicular axes with reference to the composite structure.

5. The method of claim 3 wherein the sets of cubes are rotated through multiples of 90°.

On October 2, 1984, the district court held, inter alia, that the puzzle user in using each of the accused puzzles directly infringed method claims 3–5 and that CBS had induced infringement, under 35 U.S.C. § 271(b) (1982), of these claims by selling and instructing others in the use of the accused products. *Moleculon Research Corp. v. CBS, Inc.*, 594 F.Supp. 1420, 1439–41, 224 USPQ 595, 609–11 (D.Del.1984) (*Moleculon I*). Although we affirmed the district court's judgment with respect to CBS's 2x2x2 cube puzzles, we vacated its finding that the method of restoring the 3x3x3 (Rubik's Cube) and the 4x4x4 (Rubik's Revenge) puzzles literally infringed method claims 3–5 because "[t]he district court erred ... in using the transitional phrase 'which comprises' to expand the scope of the recited 'eight cube pieces.'" *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1271, 1273, 229 USPQ 805, 812, 813 (Fed.Cir.1986) (*Moleculon II*),

*cert. denied,* 479 U.S. 1030, 107 S.Ct. 875, 93 L.Ed.2d 829 (1987).

Because the trial court had made no findings regarding infringement under the doctrine of equivalents, we directed the district court to address this issue on remand. *Id.* at 1272, 229 USPQ at 812–13. The district court adjudged method claims 3–5 directly infringed under the doctrine of equivalents by individuals playing CBS's 3x3x3 and 4x4x4 cube puzzles, and found that CBS and Ideal induced that infringement. *Moleculon,* No. 82–289–WKS, slip op. at 3 (D.Del. Aug. 10, 1987) (unpub. order); *see Moleculon III,* 666 F.Supp. at 666, 4 USPQ2d at 1316. CBS appealed.

## ISSUE

Whether the district court was clearly erroneous in finding that the method of restoring CBS's larger puzzles infringed method claims 3–5.

## OPINION

Method claims 3–5 do not read literally on the method of restoring CBS's larger puzzles, because the accused methods do not involve "engaging *eight cube* pieces as a composite cube," or "rotating ... *four* cubes." (Emphasis added.) *See* '201 patent, claim 3. However, the district court found that the users of Rubik's Cube and Rubik's Revenge infringe the method claims at issue under the doctrine of equivalents, because "[a]ltering the number of those apparent cubes ... does not materially alter the method which the user of the puzzle employs." *Moleculon III,* 666 F.Supp. at 666, 4 USPQ2d at 1316.

The district court stated that this court's affirmance of the literal infringement finding with respect to the method of restoring CBS's 2x2x2 puzzle, despite differences in the engaging mechanisms, limited its mandate on remand, inter alia, "to considering the differences between the number of apparent cubes that comprise the composite cube of each puzzle and that it does not extend to an analysis of the differences in the means of engagement." *Id.* at 664–65, 4 USPQ2d at 1315. Based on its as-

sumption that this court in *Moleculon II* considered the engaging mechanism in the 2x2x2 cube to be irrelevant to a literal infringement finding, the district court concluded that the 3x3x3 and 4x4x4 cubes' engaging mechanisms should similarly not be considered in determining infringement under the doctrine of equivalents. *Id.* at 665, 4 USPQ2d at 1315–16. CBS urges that that assumption is erroneous, and we agree. Accordingly, Moleculon's lack of proof that its claim limitations directed to "engaging eight cube pieces as a composite cube" and "rotating ... four cubes" were present by equivalency in a 26 or 56 piece puzzle * is fatal to its infringement claim.

In *Moleculon I* the claims at issue read literally on the method of restoring CBS's 2x2x2 puzzle. CBS, to escape this literal infringement in *Moleculon I*, would have had to prove that its different method of engaging eight cubes was a method step "so far changed in principle ... that it performs the same or a similar function in a substantially different way." *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950); *see also Westinghouse v. Boyden Power Brake Co.*, 170 U.S. 537, 568, 18 S.Ct. 707, 42 L.Ed. 1136 (1898); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1117 n. 11, 227 USPQ 577, 582–83 n. 11, (Fed.Cir.1985) (in banc). Because CBS did not raise the reverse doctrine of equivalents issue on appeal, that issue was not before this court in *Moleculon II*. We, accordingly, in upholding the district court's literal infringement finding, did not, and could not, consider that defense. However, the lack of consideration of the issue did not, and could not, erase the "engaging/rotating" limitations from the claims at issue. Consequently in *Moleculon III*, Moleculon, not CBS, bore the burden of proving that the steps of engaging 26 cube pieces and rotating eight or nine cubes, or engaging 56 cube pieces and rotating

twelve or sixteen cubes are equivalent to the claimed method steps of "engaging eight cube pieces as a composite cube" and "rotating ... four." *See* '201 patent, claim 3.

Moleculon failed to carry its burden to establish infringement under the doctrine of equivalents. Moleculon offered no evidence that, when the method of engagement and its effects on the play value of the puzzle are considered, equivalency existed in the steps of engaging and rotating cubes in an eight cube puzzle and the steps of engaging and rotating cubes in CBS's larger puzzles. Essentially, Moleculon merely asserted that its claims extend to rotation of sets of cubelets of a cube about three mutually perpendicular axes to first randomize and then restore the pre-existing pattern. That assertion entirely reads the number of cubelets and their corresponding engagement/rotation out of every step of the claim. Because of its contention that any number of cubelets in every device is equivalent to that in the claims, Moleculon made no attempt to prove that the change in the numbers used in the accused devices is an insubstantial change.

Conversely, CBS introduced abundant evidence of nonequivalency. Based upon this evidence, the district court found "that Rubik's means of engagement are far superior to anything conceived by [the patentee]," *Moleculon III*, 666 F.Supp. at 664 n. 3, 4 USPQ2d at 1315 n. 3, and "that the means developed by Rubik for engaging his 3x3x3 and 4x4x4 puzzles involved more creativity than that possessed by puzzle designers of ordinary skill in the art at the relevant time and contributed significantly to the appeal and commercial success of those puzzles." *Id.* at 664, 4 USPQ2d at 1315. Although a "partial variation in technique, an embellishment made possible by post-['201 patent] technology, does not allow the accused [method of restoring] to escape the 'web of infringement,'" *Hughes Aircraft Co. v. United*

---

* CBS's 3x3x3 and 4x4x4 puzzles have a carved-out center that holds the engaging mechanism resulting in cube puzzles with twenty-six and fifty-six cube pieces, respectively, rather than twenty-seven and sixty-four cubelet pieces.

However, the district court held that the CBS puzzles appeared to the puzzle user as a full cube. *Moleculon III*, 666 F.Supp. at 663, 4 USPQ2d at 1314.

*States,* 717 F.2d 1351, 1365, 219 USPQ 473, 483 (Fed.Cir.1983), under the facts of this case, that web does not extend to Rubik's method of play. Although Rubik's larger puzzles entail steps of engaging and rotating cubes, no proof was offered that such steps in puzzles with 26 or 56 cubes were equivalents to the steps of engaging and rotating a puzzle with only eight cubes.

Without evidence to support it, we cannot accept Moleculon's theory of infringement that allows the "engaging/rotating" limitations of the claim to be always met through equivalency, no matter how large the puzzles or how they are made workable. The similarities of the respective methods are superficial at best, and Moleculon presented no evidence that the accused devices are solved by a method which achieves substantially the same results in substantially the same way as the claimed method.

Having no evidence before it on which to base a finding of equivalence, the district court's finding of direct infringement by the puzzle user was clearly erroneous. *See W.L. Gore & Assocs., Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1281, 6 USPQ2d 1277, 1282 (Fed.Cir.1988). In the absence of direct infringement, CBS cannot be held liable for inducing infringement under section 271(b). *Met–Coil Sys. Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687, 231 USPQ 474, 477 (Fed.Cir.1986).

## CONCLUSION

We hold that the district court was clearly erroneous in holding claims 3–5 of the '201 patent infringed by the 3x3x3 and 4x4x4 puzzle users, and, therefore, CBS cannot be held liable for inducing infringement under 35 U.S.C. § 271(b). The judgment, accordingly, is reversed.

## COSTS

Parties are to bear their own costs.

REVERSED.