**FUJI MACHINE MANUFACTURING CO., LTD., Plaintiff,**

v.

**HOVER-DAVIS, INC., Defendant.**

**No. 96–CV–6087L.**

United States District Court, W.D. New York.

Sept. 6, 1996.

Henry R. Ippolito, Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, James A. Oliff, Darle M. Short, Glenn T. Barrett, Oliff & Berridge, Alexandria, VA, for plaintiff Fuji Machine Manufacturing Co., Ltd.

James Metzler, Boylan, Brown, Code, Fowler, Vigdor & Wilson, LLP, Rochester, NY, for defendant Hover–Davis, Inc.

## *DECISION AND ORDER*

LARIMER, Chief Judge.

Fuji Machine Manufacturing Company ("Fuji") brings this action, pursuant to 35 U.S.C. §§ 271 and 281, against Hover–Davis, Inc. ("Hover–Davis"), alleging patent infringement.

Pending before me is Hover–Davis's motion to dismiss Fuji's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

### FACTUAL BACKGROUND

On April 26, 1988, the United States Patent Office issued Patent No. 4,740,136 (" '136 patent") to Fuji for the "Method and Apparatus for Taking Electronic Component out of Carrier Tape."

Fuji alleges that Hover–Davis infringed the '136 patent by selling and marketing parts that have been used by others in apparatus and methods within the scope of the '136 patent.

Specifically, Fuji maintains that Hover–Davis actively induced infringement of the '136 patent, in violation of 35 U.S.C. § 271(b), by selling parts and aiding and encouraging purchasers of these parts to use them in the combinations and processes covered by the '136 patent.

Fuji also claims that Hover–Davis contributorily infringed its '136 patent, in violation of 35 U.S.C. § 271(c), by selling and marketing parts that are material components of its patented combinations. According to Fuji, Hover–Davis sold these parts with knowledge that they are specifically made to be used in Fuji's patented combinations and processes and that they are not staple articles or commodities suitable for substantial non-infringing use.

Fuji maintains that Hover–Davis had actual notice of the '136 patent and deliberately and willfully committed these infringing activities.

Hover–Davis moves to dismiss on the ground that Fuji has failed to state a claim upon which relief can be granted. Hover–Davis maintains that the complaint fails to allege the material element of direct patent infringement. It is Hover–Davis's position that the complaint must allege direct infringement of Fuji's patent as the basis of the claims for inducement of infringement and contributory infringement.

Fuji responds that there is no legal requirement that a complaint for inducement of infringement and contributory infringement plead direct patent infringement. Regardless, Fuji maintains that its complaint specifically alleges acts of direct infringement.

## DISCUSSION

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss, a court must accept the factual allegations of the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995). A court should not dismiss a complaint under Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir.1996).

The Federal Rules do not require an elaborate recitation of every fact that the plaintiff may ultimately rely on to prove its claim, but only a "short and plain statement" sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which its rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103; *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir.1986). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

### B. Patent Infringement

Patent infringement is defined in 35 U.S.C. § 271. Essentially, a patent can be infringed in three ways: direct infringement, inducement of infringement, and contributory infringement.

Direct infringement occurs whenever someone "without authority makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a).

Inducement of infringement occurs whenever someone "actively induces infringement of a patent." 35 U.S.C. § 271(b).

Contributory infringement occurs whenever someone "offers to sell or sells ... a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c).

Here, Fuji does not attempt to state a claim for direct patent infringement against Hover–Davis, but instead seeks to state a claim for inducement of infringement and contributory infringement. Hover–Davis argues, however, that in order to do so, Fuji must still specifically plead direct infringement in the complaint.

Numerous courts have held that in order for a plaintiff to *prevail* on a claim for either inducement of infringement or contrib-

utory infringement, direct infringement must be *proved. See, e.g., Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 483, 84 S.Ct. 1526, 1530, 12 L.Ed.2d 457 (1964) ("[I]t is settled that if there is no direct infringement of a patent there can be no contributory infringement." (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 341, 81 S.Ct. 599, 602, 5 L.Ed.2d 592 (1961))); *Joy Technologies, Inc. v. Flakt, Inc.,* 6 F.3d 770, 774 (Fed.Cir.1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement."); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.,* 911 F.2d 670, 673 (Fed.Cir.1990) ("Of course, a finding of induced or contributory infringement must be predicated on a direct infringement...."); *Moleculon Research Corp. v. CBS, Inc.,* 872 F.2d 407, 410 (Fed. Cir.1989) ("In the absence of direct infringement, [defendant] cannot be held liable for inducing infringement under section 271(b)."); *Met–Coil Sys. Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687 (Fed.Cir. 1986) ("Absent direct infringement of the patent claims, there can be neither contributory infringement ... nor inducement of infringement...." (citations omitted)); *Blackman v. Hadron, Inc.,* 450 F.2d 781, 782 (2d Cir.1971) ("[A]bsent direct infringement, no action for contributory infringement can be maintained.").

It appears, however, that only one other court has addressed the precise issue presented in this action: Whether direct infringement must be specifically pleaded in the complaint in order for a plaintiff to state a claim for inducement of infringement and contributory infringement?

In *Shearing v. Optical Radiation Corp.,* 1994 WL 382444 (D.Nev.1994), plaintiff sued several defendants for inducement of infringement and contributory infringement. Defendants moved to dismiss for failure to state a claim because the complaints did not plead direct infringement. The court granted the motions, finding that direct infringement must be pleaded in order to state a claim for either inducing infringement or contributory infringement.

According to the court, "[u]nder § 271(b) one who actively induces infringement of a patent is liable as an infringer. In order for that liability to arise, however, there must have been direct infringement by someone other than the inducer.... Nowhere in the complaint is this alleged." *Id.* at *2. Further, "as with active inducement, liability for contributory infringement under § 271(c) cannot arise unless there is direct infringement.... None of the complaints allege this." *Id.* (citations omitted).

## C.  The Instant Case

The case law is clear that Fuji may *recover* from Hover–Davis for inducement of infringement or contributory infringement only if it is able to *prove* that Fuji's customers, the end users, directly infringed the patent by using the patented device with Hover–Davis parts.

■ Because direct infringement ultimately must be proved, it stands to reason—as the Nevada district court held—that direct infringement also must be pleaded in the complaint in order to state a claim for inducement of infringement and contributory infringement.

■ Turning to the sufficiency of Fuji's complaint, I find that Fuji, in fact, has pleaded direct infringement as a basis for its claims of inducement of infringement and contributory infringement. In the complaint, Fuji alleges:

> Upon information and belief, Hover–Davis has infringed claims of U.S. Patent No. 4,740,136 by selling and marketing parts feeders, in this district and elsewhere in the United States, *which have been used by others in (1) apparatus within the scope of claims of U.S. Patent No. 4,740,- 136 and (2) methods within the scope of claims of U.S. Patent No. 4,740,136.* These parts feeders include, at least, Hover–Davis parts feeders model numbers HDF 8 × 4, HDF 12 × 4/8, HDF 16 × 8 and HDF 16 × 12.

Complaint ¶ 8 (emphasis added).

The complaint specifically alleges direct infringement by non-parties to this action as a basis for Fuji's claims of inducement of

infringement and contributory infringement against Hover–Davis. The complaint provides fair notice to Hover–Davis of Fuji's claims and the grounds upon which they rest. Further amplification of this allegation can be obtained in the normal discovery process.

Whether Fuji will be able to prove direct patent infringement by its customers in order to recover on its inducement of infringement and contributory infringement claims against Hover–Davis is an issue for another day—an issue not properly before me on a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Hover–Davis's motion to dismiss Fuji's complaint is denied.

IT IS SO ORDERED.