**BOYD'S BIT SERVICE, INC.**

v.

**SPECIALTY RENTAL TOOLS & SUPPLY, INC.**

No. CIV.A. 6:01–2358.

United States District Court,
W.D. Louisiana.
Lafayette–Opelousas Division.

Aug. 18, 2004.

Gregory C. Smith, Garvey Smith et al., Metairie, Kent A. Rowald, Duane Morris, Houston, TX, Brett A. North, Garvey Smith et al., Metairie, Christopher D. Northcutt, Bracewell & Patterson, Houston, TX, Kevin W. Trahan, Ottinger Hebert et al., Paul J. Hebert, Ottinger Hebert et al., Lafayette, LA, Richard C. Kroger, Bracewell & Patterson, Houston, TX, Stephen R. Doody, Garvey Smith et al., Metairie, for Boyds Bit Service Inc, Plaintiff.

Charles M. Rush, Rush Rush & Calogero, Lafayette, LA, David B. Dickinson, Houston, TX, Warren D. Rush, Rush Rush & Calogero, Lafayette, LA, for Specialty Rental Tools & Supply Inc, Defendant.

## MEMORANDUM RULING

MELANCON, District Judge.

Before the Court is Defendant's Motion to Alter or Amend the Court's Memorandum Ruling and Judgment entered on November 17, 2003 [Rec. Doc. 124], in which the Court granted plaintiff's Motion to Declare Exceptional Case and Award Attorney's Fees. Plaintiff has filed a Motion to Strike Defendant's Motion to Alter or Amend Judgment [Rec. Doc. 129], as well as a response in opposition to defendant's motion. [Rec. Doc. 131]. For the following reasons, both motions will be denied.

*Standard for Motion to Alter or Amend Judgment*

A motion to alter or amend an order is analogous to a motion to alter and amend judgment under Federal Rule of Civil Procedure 59(e), when served within

ten (10) days of the Court's ruling. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990). Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion. *Id.* There are certain grounds upon which a district court may grant a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) to prevent manifest injustice. *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir.2002); *Pace Shipping Servs. Network S.A. v. M/V Ocean D,* No. Civ. 00–0475–T, 2003 WL 21715007 *2–3, 2003 U.S. Dist. LEXIS 12772 *8 (E.D.La. July 21, 2003). An amendment of judgment is an extraordinary remedy which must be used sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Kattan v. District of Columbia,* 995 F.2d 274, 276 (D.C.Cir.1993) (citations omitted). The district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* The Fifth Circuit has noted that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

Defendant Specialty Rental Tools & Supply moves the Court to alter or amend its judgment awarding reasonable attorney's fees to plaintiff Boyd's Bit Service upon a finding that the instant case meets the "exceptional case" standard of 35 U.S.C. § 285. In support of its motion, Specialty relies on the third and fourth grounds upon which a court may grant a Rule 59 motion: to correct a "clear error of law or fact" or to "prevent manifest injustice." Throughout its memorandum

in support of its motion to amend, defendant charges the Court with misinterpreting the applicable law and misreading the facts in the record. The Court will address Specialty's arguments in turn.

*A. Specialty's Argument that the Court Improperly Concluded that Specialty Lacked Good Faith in the Assessment of its Patent Action*

■ Defendant Specialty Rental Tools contends that this Court should not have found this case "exceptional" under 35 U.S.C. § 285, on the basis that the Court incorrectly interpreted the applicable law which governs the "exceptional case" standard. Specifically, defendant points to two cases upon which the Court relied in making its holding, *Machinery Corp. Of America v. Gullfiber AB,* 774 F.2d 467 (Fed.Cir. 1985), and *Superior Fireplace Co. v. Majestic Products Co.,* 270 F.3d 1358, 1378 (Fed.Cir.2001). Defendant argues that neither of these cases stand for the propositions for which the Court cites them in its memorandum judgment. *R. 124,* 1–3. The Court cited these two cases for the following principles, first: (1) the principle that an exceptional case will be found where patentees continue to prosecute baseless infringement actions after patentees have become aware that the facts of their respective cases could not suggest infringement; (2) the proposition that where a patentee is manifestly unreasonable in failing to obtain assessments of patent infringement, an inference of bad faith arises and supports the finding of an exceptional case; (3) that a lack of evidence of pre-filing assessments of infringement may bear on the issue of bad faith. *See Machinery Corp.,* 774 F.2d at 467; *Superior Fireplace,* 270 F.3d at 1378.

■ For a court to find a case exceptional, the party seeking the award of attorney's fees must produce sufficient evidence of bad faith. *See Reactive Metals*

*and Alloys Co. v. ESM*, 769 F.2d 1578, 1582 (Fed.Cir.1985). The quantum of proof required to prove bad faith is clear and convincing evidence. *Id.*, citing *Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529, 1538 (Fed.Cir.1984). In questioning the Court's decision finding an exceptional case based upon the totality of the circumstances, Specialty challenges the grounds upon which the Court based its decision and contends that the Court improperly "assigned Specialty with the burden of showing that it had a good faith belief that it had the ability to succeed in its action, rather than imposing the burden of proof upon Boyd's . . . ." *R. 124*, at 2.

■ Specialty disputes the Court's conclusion that the failure to provide tests or hire experts to demonstrate infringement may serve as a basis for a finding of an exceptional case. *R. 124*, at 3. While it is true, as Specialty states, that neither the failure to obtain advice of counsel or technical opinions on the issue of infringement is conclusive of an exceptional case, such failures may support the finding of an exceptional case under the applicable "totality of the circumstances" standard. *R. 131*, at 12. Under the "totality of the circumstances" analysis applied to a determination of an exceptional case under Section 285, the presence of opinions and expert reports as to infringement will evidence a patentee's good faith in its claim. *See Machinery Corp.*, 774 F.2d at 473. The failure to obtain an expert opinion as to infringement is one factor which a court may consider in ascertaining whether a patentee pursues its action in good faith. *See id.*

Additionally, in arguing that the Court was misplaced in its concern over Specialty's lack of an expert opinion on infringement, Specialty refers to a "clear mandate by the Federal Circuit" that "[expert] tes-timony is not needed and may not be relied upon to support the legal conclusions this Court should have made." *R. 124*, at 8. Specialty does not cite a case which supports this supposed mandate. In response to Specialty's contention, Boyd's directs the Courts attention to caselaw discussing the value of expert testimony in patent actions. *R. 131*, at 13, citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 387, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). As noted in *Markman*, it is frequently necessary for an expert to shed light on the technical terms of art and science central to a patent infringement action. *Markman*, 517 U.S. at 387, 116 S.Ct. 1384. That Specialty did not avail itself of an expert opinion was one factor that the Court found persuasive in reaching its decision that Specialty failed to reasonably assess its infringement charges, and therefore lacked a reasonable basis for its claim.

Specialty reargues the issue of its good faith belief in its infringement claim by asserting that "there are no facts in the record suggesting Specialty was aware that it could not establish infringement." *R. 124*, at 3. In defense of its purported good faith belief in the validity of its claim of infringement, Specialty argues that the Court misread the applicable law, contending that the Court has failed to recognize that circumstantial evidence may be used as evidence to establish direct infringement. *Id.* The Court directs defendant to its finding on summary judgment, discussed in its ruling on the motion for exceptional case, in which it held that Specialty failed to present any evidence of direct infringement. *R. 122*, at 6.[1]

■ In its memorandum ruling which granted Boyd's motion for summary judg-

1. This Court's grant of summary judgment was affirmed by the United States Court of Appeals for the Federal Circuit on May 10, 2004. *R. 149.*

ment, the Court expressly recognized Specialty's attempt to demonstrate infringement by relying on evidence that Boyd's sold the swivel at issue. *Id.* In regard to defendant's use of evidence of sale of the apparatus to demonstrate infringement, the Federal Circuit has unequivocally stated that "a method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method ... A method claim is directly infringed only by one practicing the patented method." *Joy Techs., Inc. v. Flakt, Inc.,* 6 F.3d 770, 774–75 (Fed.Cir. 1993) (emphasis added).

The great emphasis Specialty places on the permissibility of circumstantial evidence for proof of infringement lacks relevance to the issue of whether Specialty was in good faith as it pursued its infringement claim. *R. 124,* at 5. The Court did not conclude that circumstantial evidence is irrelevant to prove infringement. The Court's determination that Specialty lacked good faith in its infringement claim was partially based on its finding that Specialty, throughout the course of the proceeding, did not present any evidence that, as a matter of law, was sufficient to create a factual issue as to infringement. The Court did not distinguish between direct and circumstantial evidence in this regard. In granting plaintiff's motion for summary judgment, the Court held that the invoices

and instruction sheets which Specialty submitted in support of its claims were insufficient to prove infringement[2]. *Response to Motion for Summary Judgment,* Ex. 2. Had Specialty presented compelling circumstantial evidence of infringement, the Court would have treated that evidence as perfectly sufficient to avoid a finding of bad faith. *See Moleculon Research Corp. v. CBS, Inc.,* 793 F.2d 1261, 1272 (Fed.Cir. 1986), rev'd on other grounds, 872 F.2d 407 (Fed.Cir.1989).

Additionally, Specialty argues that the Court improperly relied on Specialty's loss on summary judgment as grounds for finding that the case was exceptional. *R. 124,* at 6. In doing so, Specialty attempts to re-argue the Court's summary judgment on the issue of infringement. The Court, in ruling that an exceptional case existed, did not rely on the grant of summary judgment as conclusive, in and of itself, of an exceptional case. Rather, the Court stated that Specialty's opposition to Boyd's motion for summary judgment indicated its awareness of a lack of evidence of infringement. *R. 122,* at 6.[3] The content of Specialty's memorandum in opposition to Boyd's motion for summary judgment, which lacked reference to expert testimony or evaluations, was considered as one factor in determining that, based on the totality of the circumstances, Specialty had not demonstrated a good faith belief that a

---

2. The Court does not see the need to set out the law of infringement at this juncture, and refers the reader to the memorandum ruling on summary judgment.

3. The Court, in its memorandum of summary judgment, stated:

> The Federal Circuit has stated without equivocation that "a method claim is not directly infringed by the sale of an apparatus *even though it is capable of performing only the patented method* ... A method claim is directly infringed only by one practicing the patented method." *Joy Techs., Inc. v. Flakt, Inc.,* 6 F.3d 770, 774–75 (Fed.

Cir.1993) (emphasis added). If this were not enough, Boyd's has provided *evidence* of non-infringing uses of the lockable swivel, unrebutted by Specialty with the exception of *allegations.* Thus, it cannot be assumed that Boyd's customers employed the swivel in an infringing manner. Specialty asks the Court to draw an inference which the Federal Circuit has stated is unreasonable-that Boyd's rental of the swivel is a rental of the process. Without some evidence of actual infringement, both claims, induced and contributory infringement, must fail.
> *R. 122,* at 6.

reasonable basis existed to support its infringement charge.

In arguing that the motion for summary judgment did not sufficiently demonstrate a lack of good faith, Specialty contends that the Court overlooked its evidence of indirect infringement and failed to provide a "clear and concise explanation of this evidence." *R. 124*, at 13. The Court's finding of an exceptional case was partially based on its finding that Specialty failed to take reasonable steps to support its infringement charge, thereby demonstrating that Specialty knew or had reason to know that its claim was unsubstantiated. *See Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed.Cir.1985). In opposition to summary judgment, Specialty presented evidence of Boyd's instruction sheets and invoices for the swivels, but, as the Court found on summary judgment, this evidence was insufficient to prove that the swivels were used in an infringing manner. Had Specialty proffered any evidence acceptable by the Federal Circuit as demonstrative of infringement, the Court would have credited Specialty with having made a reasonable attempt to meet its burden.

Specialty further contends that, despite its reliance on Judge Veron's opinion in *Eltech Systems Corp. v. PPG Industries*, 710 F.Supp. 622, 636 (W.D.La.1988), the Court failed to adequately set out its grounds for finding that Specialty lacked a good faith belief in its action. In *Eltech*, the Federal Circuit, in affirming the district court's ruling, stated "though the court did not expressly find that the [patentee] knew its suit was baseless, many of its findings are compatible only with that view." 903 F.2d at 810.

As Specialty notes, the *Eltech* opinion is painstakingly detailed in its enunciation of the reasons for its finding of an exceptional case, providing extensive technical specifics regarding expert testimony and scientific evaluations involved in the determination of noninfringement. See *Eltech Systems Corp.*, 710 F.Supp. at 637–638. However, Specialty has failed to direct the Court to authority which requires such a lengthy exposition in order to sustain a district court's factual and legal conclusion that an infringement action is exceptional. This Court's conclusion that Specialty lacked good faith was in fact analogous to that of the *Eltech* court, in that Judge Veron made his finding of exceptional case based upon the patentee's failure to conduct testing and evaluations prior to filing its amended complaint, and continuing to pursue its claims up until trial despite its lack of fact-finding as to its infringement claims. *Id.*, at 638. In enunciating its reasons for finding that Specialty did not possess good faith, the Court explained its conclusion that Specialty lacked confirmed data supporting infringement, and applied the correct legal standard to conclude that Boyd's established bad faith considering the totality of the circumstances. For these reasons, the Court fully considered its decision to declare and exceptional case and grant Boyd's request for an award of attorney's fees.

**B. The Court Properly Found that Specialty Engaged in Vexatious Conduct During the Course of the Litigation**

■ The Court's finding of an exceptional case was based in part on its conclusion that Specialty engaged in vexatious conduct during the course of this litigation. *R. 124*, at 9. Factors such as the conduct of counsel, tactics of the parties, and the closeness of the case are all relevant in the determination of whether exceptional circumstances are present. *J.P. Stevens Co. v. Lex Tex, Ltd.*, 822 F.2d 1047, 1051 (Fed. Cir.1987). The Court's finding that Specialty was dilatory in the discovery process contributed to, but was not conclusive of,

the determination of an exceptional case. One incident of such conduct was Specialty's lengthy delay in completing its initial disclosures.

The record of this proceeding demonstrates that Specialty failed to adhere to discovery deadlines set by the Court. The parties' initial disclosures were due on November 16, 2002, but Specialty did not report that its initial disclosure was complete until January 30, 2003. *R. 109,* Ex. X. Specialty's initial disclosure was therefore completed only 45 days before the discovery deadline of March 17, 2003. *R. 29.* Specialty, in its memorandum in support of its motion to alter or amend the Court's judgment, contends that its initial disclosure was not untimely. *R. 124,* at 8–9. This assertion is contrary to the record of this matter, and does nothing to advance Specialty's cause. Based on the foregoing, this Court found that Specialty's dilatory conduct during discovery was one factor in supporting the determination of an exception case under the totality of circumstances.

The Court finds that defendant has failed to raise any new ground upon which its motion to alter or amend judgment should be granted, and stands by its original ruling on plaintiff's motion to declare exceptional case and award attorney's fees. Defendant's motion to alter or amend is little more than an attempt to reargue the same legal theories posed by defendant in its opposition both to plaintiff's motion for summary judgment and plaintiff's motion to declare exceptional case. Accordingly, Speciality's motion will be denied.

C. *Motion to Strike*

Also before the Court is plaintiff's Motion to Strike the Motion to Alter or Amend Judgment filed by Specialty Rental Tools and Supply. *R. 129.* Plaintiff Boyd's contends that defendant filed its motion without a certificate of conference and without conferring with plaintiff, thereby violating Local Rule 7.4.1 of the Western District of Louisiana. *R. 129,* at 1.

While Federal Rule of Civil Procedure 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any … redundant, immaterial, impertinent, or scandalous matter", such motions are disfavored and will usually be denied unless the allegations have no possible relevance to the controversy and may cause prejudice to one of the parties. *In re Papst Licensing, GmbH Patent Litigation,* 91–3118–G, 2000 WL 798465, *1, 2000 U.S. Dist. LEXIS 9068, *3 (E.D.La. June 20, 2001). In this case, plaintiff Boyd's avers that defendant did not adhere to this district's local rules of court when it allegedly failed to confer with Boyd's prior to filing its Motion to Alter or Amend. *R. 129,* at 1. The Court finds that Boyd's will not be prejudiced by defendant's alleged violation of the local rules.

Accordingly, defendant's motion to alter or amend judgment and plaintiff's motion to strike will be denied.

## ORDER

In accordance with the Memorandum Ruling issued on this date,

IT IS ORDERED that defendant's Motion to Alter or Amend Judgment [Rec. Doc. 124] is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion to Strike [Rec. Doc. 129] is DENIED.